UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GAIL ANN O'GRADY, | ) | CV 08-5065 SVW (SSx) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION TO REMAND TO STATE COURT |
| | ) | [19] |
| WACHOVIA BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | JS - 6 |
| | ) | |

## I.   INTRODUCTION

Plaintiff brings this Motion to Remand on the grounds that this Court does not have federal subject matter jurisdiction.  For reasons set forth below, Plaintiff's Motion to Remand is hereby granted, and this action is remanded to the Superior Court for the State of California in and for the County of Los Angeles.

## II.   BACKGROUND

On July 2, 2008, Plaintiff Gail Ann O'Grady ("Plaintiff" or "O'Grady") commenced this matter in Los Angeles County Superior Court against: (1) Wachovia Bank, N.A., Wachovia Trust Company of California, and American Mortgage Network, Inc. (collectively

"Wachovia"); (2) Wells Fargo & Company, Wells Fargo Home Mortgage, Inc., and America's Service Company; (3) Countrywide Financial Corp., Countrywide Home Loans, Inc., and America's Wholesale Lender; (4) All American Real Estate Services; and (5) Cal-Western Reconveyance Corporation (collectively "Defendants").  Plaintiff alleges nine state law causes of action arising out of Defendants' alleged illegal and unfair conduct leading to the foreclosure on Plaintiff's home.

On July 31, 2008, Wachovia removed the case to this Court pursuant to 28 U.S.C. §1441.  Wachovia argues that removal is proper because Plaintiff's claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, turns on whether Wachovia violated federal law, specifically the Real Estate Settlement Procedures Act  ("RESPA"), 12 U.S.C. § 2605, and Regulation X, 24 C.F.R. § 35000.21(e).  (Notice of Removal 5.)  Plaintiff argues that because she alleges both state and federal predicate violations under the UCL, her claim does not turn exclusively on federal law, and therefore, the Court does not have federal subject matter jurisdiction.

### III. LEGAL STANDARD

An action is removable to federal court only if it might have been brought there originally.  28 U.S.C. § 1441(a).  The Ninth Circuit has a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)(quotation omitted).  Courts must "strictly construe the removal statute against removal jurisdiction," and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

1    Further, the defendant has the burden of establishing that removal is

2    proper.  Id.

3       Wachovia argues that federal subject matter jurisdiction

4    attaches to Plaintiff's UCL claim because it "arises under" federal

5    law.  (Opp. 2)  "The rule is well settled that a state claim 'arises

6    under' federal law 'if the complaint, properly pleaded, presents a

7    substantial dispute over the effect of federal law, and the result

8    turns on the federal question.'"  Berg v. Leason, 32 F.3d 422, 423

9    (9th Cir. 1994) (quoting Guinasso v. Pac. First Fed. Sav. & Loan

10   Ass'n, 656 F.2d 1364, 1365-66 (9th Cir. 1981), cert. denied, 455 U.S.

11   1020 (1982)).  To determine arising under jurisdiction, courts

12   examine "whether the federal element in the claim was 'pivotal,' or

13   'substantial,' as opposed to merely 'incidental,' or whether it was

14   'direct and essential' as opposed to 'attenuated,' or 'paramount' as

15   opposed to 'collateral.' Thus, the resolution of the federal question

16   must play a significant role in the proceedings." Berg, 32 F.3d at

17   424.

18

19   **IV.  ANALYSIS**

20

21      California's UCL borrows violations of other laws and treats

22   them as independently actionable.  "However, the law does more than

23   just borrow.  The statutory language referring to 'any unlawful,

24   unfair or fraudulent' practice . . . makes clear that a practice may

25   be deemed unfair even if not specifically proscribed by some other

26   law." Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.

27   4th 163, 180 (Cal. 1999).

28

In <u>Rothstein v. Option One Mortage Corp.</u>, the plaintiff based a UCL claim on alleged violations of federal law, RESPA and Regulation X, and alleged violations of California law, California Financial Code section 50505.  2003 U.S. Dist. Lexis 20708, at *5 (C.D. Cal. Nov. 4, 2003).  The <u>Rothstein</u> court rejected the defendant's arising under arguments, and remanded the matter on the grounds that the plaintiff's UCL claims were "based, in part, on federal laws which are not within the federal court's exclusive jurisdiction, and therefore violations of those laws can be resolved in state court." <u>Id.</u> at *7.

Here, Plaintiff's UCL claim is also based on both state and federal law.  In the Complaint, Plaintiff alleges that "Defendants [sic] conduct described herein constitutes unlawful, unfair, and fraudulent business practices in violation of" California's UCL. Plaintiff then proceeds to list five practices to support the claim. Of the five practices, four are state law violations and the last is a violation of RESPA and Regulation X.

Wachovia argues that of the five practices listed, Wachovia, as a lender, could only have violated RESPA and Regulation X.  (Opp. 2.) Wachovia's argument asks the Court to parse the state law claims, and make what is essentially a factual determination that none of the state law violations could apply to Wachovia even though they are alleged against *all* defendants.  A motion for remand is not the appropriate time for this Court to decide whether the underlying claim is legally tenable to a defendant.

Nevertheless, even if the four state law violations specifically listed in the UCL cause of action do not apply to Wachovia, the

previous three causes of action listed in the complaint: (1) fraud,

deceit, and civil conspiracy to commit fraud and deceit; (2)

negligent misrepresentation; and (3) declaratory relief, which

Plaintiff "realleges and incorporates by reference" within the UCL

cause of action, apply to Wachovia. (Compl. ¶ 89.)  These claims also

qualify as alleged predicate violations of UCL. Thus, Plaintiff's UCL

claim against Wachovia is predicated by both federal and state

violations.  Therefore, the federal question of whether Wachovia

violated RESPA and Regulation X becomes collateral because the

Plaintiff could support the UCL claim solely on state law grounds.

This Court is obliged to remand if there is any doubt as to the

right of removal. <u>Gaus</u>, 980 F.2d at 567.  Here, Plaintiff's alleged

state law claims are enough to create sufficient doubt as to whether

the UCL cause of action relies solely on federal law grounds.

**V.   CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Remand

is GRANTED.

IT IS SO ORDERED.

DATED: <u>September 10, 2008</u>

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

5